IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | : | |
|---|---|---|
| **IN RE: RICHARD GROCOTT** | : | |
| | : | C.A.# 13-5911 |
| | : | BKY# 12-20713 |
| **(MARCARELLI, ET AL v.** | : | ADV# 13-223 |
| **GROCOTT, et al.)** | : | |
| | : | |
| | : | |
| | : | |

# M E M O R A N D U M

**Stengel, J.**                                                                 **March 17, 2014**

      This is an appeal of the bankruptcy court's decision to dismiss an adverse action in a Chapter 13 bankruptcy case, after the debtor voluntarily dismissed his bankruptcy petition. The appellants claim the lower court erred in not retaining jurisdiction over the action or transferring it to another court. For the reasons stated below, I will affirm the bankruptcy court's decision.

**I.    BACKGROUND**

      Richard Grocott filed a Chapter 13 bankruptcy petition on November 15, 2012. In that matter, he allegedly failed to identify Appellants Helen Marcarelli, Marcus DiScuillo—as Power of Attorney of Francesco DiSciullo and in his own right, and Robert Brown as creditors.[1] The appellants were friends/acquaintances of Grocott; they at one

---

[1] See In re Grocott, 12-20713-jkf, E.D.Pa. Bky, Doc. No. 1.

1

point loaned Grocott, along with his romantic partner Gary Booth or Grocott's company Greydog Heating, Plumbing & AC LLC, money for various expenditures.[2]

On April 24, 2013, the appellants filed the underlying adversary action, after being granted an extension of time to file this complaint.[3] The defendants in that action included Richard Grocott, Gary Booth, and Greydog Heating, Plumbing & AC LLC. The complaint objected to Grocott's bankruptcy discharge and asserted a RICO claim with fraud and breach of contract claims against all defendants.[4] Grocott and Booth had been served and answered the complaint.[5] The plaintiffs attempted service at Greydog but had difficulty. Grocott was the only known officer and director of Greydog, but he was believed to have moved to Florida.

On July 11, 2013, the appellants filed a motion for alternate service of Greydog Plumbing and Heating.[6] The bankruptcy court held a hearing on the motion on August 7, 2013 at which time the court requested that Grocott's counsel update the court and counsel with his current address by August 9, 2013; the court then denied the motion to obtain alternative service without prejudice.[7] On August 12, 2013, Grocott filed an election to dismiss his case.[8] On August 14, 2013, the appellants filed a motion to transfer

---

[2] Marcarelli, et al. v. Grocott, et al., E.D. Pa. Bky. Adv. No. 13-00223, Doc. No. 1.

[3] See id. at Doc. No. 36; Marcarelli, et al. v. Grocott, et al., E.D. Pa. Bky. Adv. No. 13-00223, Doc. No. 1.

[4] Marcarelli, et al. v. Grocott, et al., E.D. Pa. Bky. Adv. No. 13-00223, Doc. No. 1.

[5] See Marcarelli, et al. v. Grocott, et al., E.D. Pa. Bky. Adv. No. 13-00223, Doc. No. 3, 4, 6, 9.

[6] Marcarelli, et al. v. Grocott, et al., E.D. Pa. Bky. Adv. No. 13-00223, Doc. No. 15.

[7] See Marcarelli, et al. v. Grocott, et al., E.D. Pa. Bky. Adv. No. 13-00223, Doc. No. 20 at 2-3.

[8] In re Grocott, 12-20713-jkf, E.D.Pa. Bky, Doc. No. 56.

their adversary complaint to the Eastern District of Pennsylvania or, in the alternative, to transfer their action to state court.[9]

On August 19, 2013, the bankruptcy court dismissed the bankruptcy in its entirety.[10] On August 29, 2013, the bankruptcy court then dismissed the adversary action for lack of jurisdiction. In its order, the court stated that it had no justification for retaining jurisdiction over this proceeding by way of ancillary jurisdiction because the debtor's main case was dismissed, citing to In re Smith, 866 F.2d 576 (3d Cir. 1989), and In re Stardust Inn, Inc., 70 B.R. 888 (Bankr. E.D. Pa. 1987). This appeal followed.[11]

## II.  DISCUSSION[12]

The appellants contend that, instead of dismissing their action, the bankruptcy court should have: 1) retained jurisdiction over the adversary action; 2) transferred the action to the Eastern District of Pennsylvania; or 3) transferred the adversary action to the state court. I will address each point in turn.

### a. Retention of Jurisdiction

The general rule is that the dismissal of a bankruptcy case should result in the dismissal of "related proceedings" because the court's jurisdiction is based on the nexus between the underlying bankruptcy case and those proceedings. In re Smith, 866 F.2d

---

[9] Marcarelli, et al. v. Grocott, et al., E.D. Pa. Bky. Adv. No. 13-00223, Doc. No. 20. The motion had been scheduled for argument on September 18, 2013. Id.

[10] In re Grocott, 12-20713-jkf, E.D.Pa. Bky, Doc. No. 57.

[11] The notice of appeal was filed on September 6, 2013. See Marcarelli, et al. v. Grocott, et al., E.D. Pa. Bky. Adv. No. 13-00223, Doc. No. 24. The certificate of appeal was filed in this court on October 8, 2013. See Doc. No. 1.

[12] This court has jurisdiction to hear an appeal from the bankruptcy court pursuant to 28 U.S.C. § 158(a).

3


576, 580 (3d Cir. 1989)(citing In re Stardust Inn, Inc., 70 B.R. 888, 890 (Bankr. E.D. Pa. 1987)). When the bankruptcy court dismisses the underlying bankruptcy, it has the discretionary power to retain jurisdiction of those adversary proceedings in which one of the parties might be prejudiced by the dismissal. In re Stardust Inn, 70 B.R. at 890. This power to retain jurisdiction is analogous to a federal court's power to retain jurisdiction over pendant state law claims after federal claims have been dismissed. In re Smith, 866 F.2d at 580; In re Stardust Inn, 70 B.R. at 890.

A bankruptcy court's decision to retain jurisdiction over adversary proceedings is an exception, not the rule. In re Stardust Inn and In re Smith are the seminal cases which discuss when an exception is warranted. In In re Stardust Inn, the bankruptcy judge retained jurisdiction over an adversary proceeding, which remained pending following the dismissal of the related bankruptcy case. 70 B.R. at 891. The court decided to retain jurisdiction over the adversary proceeding *after* it had already gone to trial because the court was not made aware that the underlying bankruptcy had already been dismissed until that time. Id. at 890. The court determined then that its retention of jurisdiction was appropriate in order to prevent prejudice to the parties.[13]

In In re Smith, the bankruptcy court held proceedings for the related adversary action in June 1985 but did not enter any dispositive order in that action until April 1986. 866 F.2d at 579. In the interim, the debtor had received a bankruptcy discharge in

---

[13] Essentially, the court recognized that an error had been made by counsel and/or the court, and that parties—who were unaware of the jurisdictional significance of the dismissal of the underlying bankruptcy case—should not be prejudiced as a result of this mistake. The court indicated that its decision may have been different had it been aware at the time of the bankruptcy's dismissal that the adversary action was still pending. See In re Stardust Inn, 70 B.R. at 891.

December. Id. On appeal, the Third Circuit explained that the bankruptcy court's retention of the adversary proceeding after the discharge was warranted because "the core proceedings had been before the bankruptcy court for over four years" and the court had approved settlement of related litigation for one of the defendants in the adversary proceeding. Id. at 580. The court also noted that "it would be unfair and would serve no useful purpose to compel Smith to bear the cost of and delay of a retrial in the state court at this time, simply because of the unfortunate way in which the bankruptcy court timed its orders." Id.

The court's decision not to retain jurisdiction over the adversary proceeding is reviewed for an abuse of discretion.[14] In determining whether to retain jurisdiction, a bankruptcy court should consider the following factors: 1) judicial economy, 2) fairness and convenience to the parties, and 3) the degree of difficulty of the state law issues involved. In re Smith, 866 F.2d at 580. "Judicial economy looks to preserve energies already invested by the parties and the court in the proceedings; fairness to the litigants considers whether the parties would be prejudiced by dismissal (such as, for example, if the state statute of limitations has run)." In re Stardust Inn, 70 B.R. at 891 (citation omitted). The appellants argue that the discretionary factors which warrant the court to make an exception were present in this case.

The bankruptcy court's decision to dismiss the adversary action offers a minimal discussion of these factors, but a review of the record indicates why this was sufficient.

---

[14] See In re Smith, 866 F.2d 576, 580 (3d Cir. 1989)("the bankruptcy court did not abuse its discretion in retaining jurisdiction over the related proceedings notwithstanding the earlier discharge of the debtor").

There is no indication that the dismissal prejudiced the appellants, such that an exception to the dismissal rule needed to be made. Unlike In re Stardust Inn or In re Smith, very little happened in the adversary action before it was dismissed.[15] The appellants were not barred from filing their case elsewhere, since the Bankruptcy Code also tolls the statute of limitations on all non-bankruptcy law claims while the bankruptcy case is pending and the automatic stay on litigation against the debtor is in effect. See 11 U.S.C. § 108 (c); 11 U.S.C. § 362.[16] See also In re DiCamillo, 186 B.R. 59, 61 (Bankr. E.D.Pa. 1995)( "[11 U.S.C. § 108(c)] extends the statute of limitations for creditors in actions against the debtor, where the creditor is hampered from proceeding outside the bankruptcy court due to the provisions of 11 U.S.C. § 362." (citation omitted)); In re Taylor, 81 F.3d 20, 22-23

---

[15] The appellants argue that judicial economy weighed in their favor because they "invested substantial resources in obtaining service on two of the three defendants [and] made serious efforts to obtain service upon Defendant Greydog." Appellants' Brief, Doc. No. 3 at 7. While there is no baseline of resources that must be expended to permit retention, the mere service of the complaint to two of the three defendants is hardly a substantial investment of judicial resources. Furthermore, the record shows that three depositions had been scheduled—for Gary Booth, Kia Shields, and William Penn School District. See Marcarelli, et al. v. Grocott, et al., E.D. Pa. Bky. Adv. No. 13-00223, Doc. No. 5, 13, 14. Whether these depositions were taken (or even why they were scheduled so early on) is unclear and would seem unlikely given that service had not been perfected.

[16] 11 U.S.C. § 108 (c) states:
> Except as provided in section 524 of this title, if applicable nonbankruptcy law, an order entered in a nonbankruptcy proceeding, or an agreement fixes a period for commencing or continuing a civil action in a court other than a bankruptcy court on a claim against the debtor, or against an individual with respect to which such individual is protected under section 1201 or 1301 of this title, and such period has not expired before the date of the filing of the petition, then such period does not expire until the later of—
>
> (1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; or
>
> (2) 30 days after notice of the termination or expiration of the stay under section 362, 922, 1201, or 1301 of this title, as the case may be, with respect to such claim.

11 U.S.C. § 362(c)(2) states that " the stay of any other act under subsection (a) of this section continues until the earliest of-- (A) the time the case is closed; (B) the time the case is dismissed; or (C) if the case is a case under chapter 7 of this title concerning an individual or a case under chapter 9, 11, 12, or 13 of this title, the time a discharge is granted or denied."

(3d Cir. 1996); North Penn Transfer, Inc. v. ATD-American Co., 175 B.R. 168, 172 (Bankr. E.D.Pa. 1994) ("Finally, since Pennsylvania law provides that matters dismissed by a federal court for lack of jurisdiction may be refiled in the state courts without regard to the limitations period, my dismissal of the state claims will not prevent plaintiff from bringing the same claims in state court.")(citing 42 Pa.Cons.Stat.Ann. § 5103(b)(1)); Fulkerson v. City of Lancaster, 801 F.Supp. 1476, 1486 n. 3 (E.D.Pa.1992), aff'd without op., 993 F.2d 876 (3d Cir.1993)(" Section 1367(d) provides that the period of limitations for claims such as plaintiffs' which are dismissed by the district court under that statute shall be tolled while the claim is pending in the district court, and for thirty days after dismissal, unless state law provides for a longer tolling period. In addition, Pennsylvania law provides that matters dismissed by a federal court for lack of jurisdiction may be refiled in the state courts without regard to the limitations period. See 42 Pa.Cons.Stat.Ann. § 5103.").[17]

The appellants argue that Grocott dismissed the bankruptcy in bad faith so that the service issue would not be resolved; they claim this point weighs in their favor as to

---

[17] As I discuss further below, 42 Pa.Cons.Stat.Ann. § 5103 states:

> In order to preserve a claim under Chapter 55 (relating to limitation of time), a litigant who timely commences an action or proceeding in any United States court for a district embracing any part of this Commonwealth is not required to commence a protective action in a court or before a magisterial district judge of this Commonwealth. Where a matter is filed in any United States court for a district embracing any part of this Commonwealth and the matter is dismissed by the United States court for lack of jurisdiction, any litigant in the matter filed may transfer the matter to a court or magisterial district of this Commonwealth by complying with the transfer provisions set forth in paragraph (2).

42 Pa.C.S.A. § 5103(b)(1)(2005).

7

factor two—fairness to the parties. This allegation has no support in the record.[18] Throughout the pendency of his bankruptcy, there were indications that Mr. Grocott's case might be dismissed prematurely. On November 23, 2012—before the appellants had filed their proceeding—the bankruptcy court had filed a notice of hearing to show cause as to why the case should not be dismissed for failure to pay the filing fee.[19] On January 24, 2013, the bankruptcy trustee filed a motion to dismiss the case for failure to make timely payments.[20] A hearing on that motion was scheduled to be held on September 26, 2013.[21]

For these reasons, I find no abuse of discretion in the bankruptcy court's dismissing the appellant's adversary action.[22]

### b. Transfer to the District Court

---

[18] In addition, Mr. Grocott has the right to request the dismissal of his Chapter 13 bankruptcy petition at any time. 11 U.S.C. § 1307(b)(2010). Some courts have held that this right is absolute while others have held that a motion to dismiss a petition may be denied if the debtor engages in fraud or abuses the bankruptcy process. See In re Bistrian, 184 B.R. 678, 681-82 (E.D.Pa. 1985)(explaining the court split on whether the right to voluntary dismissal is absolute); In re Merritt, 39 B.R. 462, 465 (Bankr. E.D.Pa.1984)(" We agree with the weight of authority that the right of dismissal is absolute."); In re Barbieri, 199 F.3d 616 (2nd Cir. 1999)( "We hold that a debtor has an absolute right to dismiss a Chapter 13 petition under § 1307(b), subject only to the limitation explicitly stated in that provision."). The Third Circuit has not decided the issue, but other courts in this district have found the right to be absolute. See, e.g., In re Merritt, 39 B.R. 462, 465 (Bankr. E.D.Pa.1984)(" We agree with the weight of authority that the right of dismissal is absolute.").

[19] In re Grocott, 12-20713-jkf, E.D.Pa. Bky, Doc. No. 11.

[20] In re Grocott, 12-20713-jkf, E.D.Pa. Bky, Doc. No. 17.

[21] See In re Grocott, 12-20713-jkf, E.D.Pa. Bky, Doc. No. 24, 42, 45, 48, 51.

[22] The last point the appellants make under this section pertains to the third factor. They argue that the RICO claim alleged in their adverse proceeding was complex and would not typically be addressed in the context of a bankruptcy proceeding. Appellants' Brief, Doc. No. 3 at 8. I do not understand how it helps bolster their contention that the bankruptcy court's failure to retain jurisdiction was an abuse of discretion. This argument weighs against retention and not for it. See In re Stardust Inn, 70 B.R. 894 (Bankr. E.D. Pa. 1987)(ruling on a single breach of contract adversary action).

Next, the appellants claim the bankruptcy court should have transferred their adversary action to the district court, pursuant to 28 U.S.C. § 1631. The Federal Courts Improvement Act of 1982, 28 U.S.C. § 1631, says:

> Whenever a civil action is filed in a court... and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

The decision to transfer a case pursuant to 28 U.S.C. § 1631 is discretionary and is reviewed under an abuse of discretion standard. See Mellon Bank (East) PSFS, N.A. v. DiVeronica Bros., Inc., 983 F.2d 551, 558 n. 3 (3d Cir. 1993)("The district court may, in its discretion, transfer this case pursuant to 28 U.S.C. § 1631 if a motion to do so is seasonably filed.").

The Third Circuit has discussed a bankruptcy court's authority to transfer cases pursuant to § 1631 in dicta only.[23] In re Seven Fields Dev. Corp., 505 F.3d 237, 247 n. 8 (3d Cir.2007).[24] For this reason, bankruptcy courts have been hesitant to use § 1631 to

---

[23] The appellants' brief failed to address this point and simply cited to In re Vincente, 260 B.R. 354, 360 n.11 (Bankr. E.D.Pa. 2001), as support for their argument that the bankruptcy court had the authority to make this transfer under § 1631. In re Vincente, however, declined to determine whether the definition of "court" in § 610 applied to itself. Instead, In re Vincente simply provided counsel the opportunity to file a motion for transfer of forum after counsel had determined which forum was most appropriate.

[24] See also Oscar v. Bank One, N.A., 223 Fed.Appx. 164, 165 (3d Cir. 2007)(noting that the bankruptcy court had referred an adversary proceeding to the district court pursuant to 28 U.S.C. § 1631 after dismissing the underlying bankruptcy, yet never reaching the merits of whether this was appropriate because the court lacked jurisdiction).

permit a transfer to federal court.[25] This alone would be a valid reason for a bankruptcy court to decline to transfer a case pursuant to § 1631.

Even assuming that the bankruptcy court believed it had the authority to transfer the case under § 1631, the court's decision in this case not to transfer the case would be allowed "if it is in the interest of justice." 28 U.S.C. § 1631.[26] As already explained above, there appears to be nothing unjust about the failure to transfer to the district court. The appellants could have easily filed their action in federal court after the bankruptcy court dismissed their action, if they so decided.[27] As I've already explained, the statute of

---

[25] See In re IMMC Liquidating Estate, Bankruptcy No. 08–11178 (KJC), Bankruptcy No. 08–11178 (KJC), 2012 WL 523632, at *2 (Bankr. D.Del. Feb. 14, 2012)(Carey, J.)("While dicta in the higher court's opinions is often instructive and persuasive, the exclusion of bankruptcy courts from the express language of §§ 1631 and 610, together with the legislative history discussed above, casts doubt about this Court's authority to transfer an action."); In re Vincente, 260 B.R. 354, 360 n.11 (Bankr. E.D.Pa. 2001)("[M]y research failed to uncover any case where the bankruptcy court was the transferor court…. Whether the bankruptcy court is a court within the definition of § 610 for the purposes of § 1631 is not readily answered and beyond the scope of this opinion.").

[26] The appellants support their argument with In re Vincente, 260 B.R. 354 (Bankr. E.D.Pa. 2001), a case in which a bankruptcy judge retained jurisdiction over an adversary proceeding so that the court could transfer the proceeding to the more appropriate forum. Specifically, they cite to a footnote in that case which, interestingly, tracks their arguments for transfer almost verbatim. See In re Vincente, 260 B.R. 354, 360 n.11 (Bankr. E.D.Pa. 2001). Compare with Appellants' Brief, Doc. No. 3 at 8-10.

Unlike this case, In re Vincente, 260 B.R. 354, 360 n.11 (Bankr. E.D.Pa. 2001), involved an adversary proceeding which had been brought by the *debtor*, not a creditor. This difference may be important because the automatic stay does not apply to debtor's claims, only creditor's claims. See Maritime Elec. Co., Inc. v. United Jersey Bank, 959 F.2d 1194, 1204 (3d Cir. 1991)(explaining how the automatic stay provision does necessarily apply to actions brought by the debtor). In re Vincent determined that a transfer was necessary because the debtor might be barred by the applicable statute of limitations if the action was dismissed and filed elsewhere. Id. at 360. The opinion does not explain how or why the statute of limitations would have barred the debtor's claims in that case and the court even notes that it did not probe further on this point. Id. at 360 n. 10. As noted below, there is also no indication by the appellants that their statute of limitations have run, thereby making a transfer appropriate.

[27] A general theme to the appellants' arguments is that they were prejudiced by the bankruptcy court's decision because they might be barred from filing elsewhere by the statute of limitations, though the Bankruptcy Code would have provided tolling. Even assuming that tolling were not available, it is not clear from the complaint that the statute of limitations of their claims would have run by the date of the dismissal. During a telephone conference of counsel with this court on January 24, 2014, appellants' counsel was unable to speak to this point, though it appears to be a prominent part of the appellants' appeal.

limitations on the appellants' claims in the adversary proceeding would have been tolled, and they would not have been prejudiced by refiling their claims elsewhere.[28]

There is nothing in the record to indicate the appellants would be prejudiced by dismissal of the bankruptcy complaint, given their right to refile in district court. Therefore, I find no abuse of discretion by the bankruptcy court in not transferring the case to the district court.

### c. Bankruptcy Court's Refusal to Transfer the Claims to State Court[29]

The appellants also contend that the bankruptcy court should have transferred their adversary proceeding to state court, in accord with Pennsylvania law, 42 Pa. C.S.A. § 5103(b)(1).[30] My review of this decision is plenary because I am reviewing the legal findings of the bankruptcy court.[31]

---

[28] The appellants also cite to In re Smith, 866 F.2d 576, 580 (3d Cir. 1989), to support this argument. In re Smith discussed whether the bankruptcy court's decision to retain jurisdiction over an adversary proceeding after dismissal of a bankruptcy was permissible; it did not discuss when a transfer under § 1631 was permitted. Furthermore, In re Smith would not implicate § 1631, even if a request for transfer had been made, because the pendant claims were based in state law, not federal law. See McLaughlin v. Arco Polymers, Inc., 721 F.2d 426, 429 (3d Cir. 1983) ("Section 1631 does not, however, provide for the transfer of this action to a state court. Both the statutory language and the legislative history show that this provision was directed to the federal court system.").

[29] The appellants specifically argue that "[t]he failure to remand the adversary action to State Court in the Court of Common Pleas of Philadelphia was Clear Error." Appellants' Brief, Doc. No. 3 at 10. Since the facts do not indicate the case was first filed in state court and then removed, a "remand" would not be appropriate. See Black's Law Dictionary (9th Ed. 2009)(defining "remand" as "[t]he act or an instance of sending something (such as a case, claim, or person) back for further action"). The appellants also refer to the remand as a "transfer." I will treat their request as one for a transfer to state court, not a remand, since that would be a more appropriate.

[30] 42 Pa.C.S.A. § 5103 states:

> (a) **General rule.**--If an appeal or other matter is taken to or brought in a court or magisterial district of this Commonwealth which does not have jurisdiction of the appeal or other matter, the court or magisterial district judge shall not quash such appeal or dismiss the matter, but shall transfer the record thereof to the proper tribunal of this Commonwealth, where the appeal or other matter shall be treated as if originally filed in the transferee tribunal on the date when the appeal or other matter was first filed in a court or magisterial district of this Commonwealth. A matter which is within the exclusive jurisdiction of a court or magisterial district judge of this Commonwealth but which is commenced in any other tribunal of this Commonwealth shall be transferred by the

11

Pennsylvania law 42 Pa. C.S.A. § 5103 provides that a case which has been erroneously filed in federal court, but should have been brought in state court, can be transferred to state court and treated as if it was first filed there. 42 Pa. C.S.A. § 5103(b)(1). "The policy behind this section is that a plaintiff who files a timely action in Federal District Court should not lose his opportunity to litigate that case on the merits simply because he is in error regarding federal jurisdiction." Suburban Roofing Co., Inc. v. Day & Zimmerman, Inc., 578 F.Supp. 374, 375 (1984)(citing Weaver v. Marine Bank, 683 F.2d 744 (3d Cir.1982)). This statute is appropriately used when the federal court has determined it does not have jurisdiction over the state claims asserted. Com. v. Lambert,

---

other tribunal to the proper court or magisterial district of this Commonwealth where it shall be treated as if originally filed in the transferee court or magisterial district of this Commonwealth on the date when first filed in the other tribunal.

**(b) Federal cases.**--

(1) Subsection (a) shall also apply to any matter transferred or remanded by any United States court for a district embracing any part of this Commonwealth. In order to preserve a claim under Chapter 55 (relating to limitation of time), a litigant who timely commences an action or proceeding in any United States court for a district embracing any part of this Commonwealth is not required to commence a protective action in a court or before a magisterial district judge of this Commonwealth. Where a matter is filed in any United States court for a district embracing any part of this Commonwealth and the matter is dismissed by the United States court for lack of jurisdiction, any litigant in the matter filed may transfer the matter to a court or magisterial district of this Commonwealth by complying with the transfer provisions set forth in paragraph (2).

(2) Except as otherwise prescribed by general rules, or by order of the United States court, such transfer may be effected by filing a certified transcript of the final judgment of the United States court and the related pleadings in a court or magisterial district of this Commonwealth. The pleadings shall have the same effect as under the practice in the United States court, but the transferee court or magisterial district judge may require that they be amended to conform to the practice in this Commonwealth. Section 5535(a)(2)(i) (relating to termination of prior matter) shall not be applicable to a matter transferred under this subsection.

42 Pa.C.S.A. § 5103(a) and (b)(2005).

[31] The standard of review for a district court sitting in review of a Bankruptcy Court decision is "clearly erroneous" with regard to factual findings, and plenary with regard to legal findings. See, e.g., American Flint Glass Workers Union v. Anchor Resolution Corp., 197 F.3d 76, 80 (3d Cir. 1999); FED. R.BANKR. PROC. 8013. The appellants assert that the standard of review is clear error, but do not offer legal precedent that pertains to bankruptcy appeals. Given that the court's decision to decline to transfer the case would be based in law and not fact, the review of this decision would be plenary, not clearly erroneous.

765 A.2d 306, 320-21 (Pa. Super. 2000)(discussing Ferrari v. Antonacci, 689 A.2d 320, 322 (Pa. Super. 1997)).

It is unclear why the appellants argue the bankruptcy court would be required to transfer their action to state court when they themselves believe the federal district court was the proper court to bring the action but for the pending bankruptcy case.[32] Their complaint asserts a federal RICO claim with pendant state law claims, which would provide the federal district court with jurisdiction over the matter. However, states have concurrent jurisdiction over civil RICO claims, so the appellants could have refiled their claims in either court.[33] The choice as to venue was theirs, not the court's.[34]

Furthermore, even assuming that a transfer to state court might have been more appropriate, the bankruptcy court would have no authority to transfer the adversary action under 42 Pa. C.S.A. § 5103(b). In order to effectuate a transfer under 42 Pa. C.S.A. § 5103(b), the *litigant*, not the court, must take the steps necessary to transfer the case to state court after dismissal.[35]

---

[32] See Appellants' Brief, Doc. No. 3 at 8 ("the RICO claims alleged therein are complex and not typically addressed in the context of a bankruptcy case. Accordingly such matters would be better disposed of by this Court"), 8-9 (arguing that the bankruptcy court should have transferred to the district court, "a district in which the action could have been brought when the complaint was filed"), 9 ("the claims asserted in the Complaint arose for the most part under federal statutes for which the district court is a proper forum pursuant to 28 U.S.C. § 1331"), and 9 (asserting that the complaint "could have easily been filed in the District Court").

[33] See, e.g., Mathews v. Kidder, Peabody & Co., Inc., 161 F.3d 156, 163 (3d Cir. 1998) ("[T]he Supreme Court has interpreted the RICO statute as providing for concurrent state jurisdiction over RICO actions.")(citing Tafflin v. Levitt, 493 U.S. 455, 458 (1990)).

[34] See In re Vincente, 260 B.R. at 360 n. 10 (allowing the party requesting the transfer of venue the "opportunity to determine his venue and request such transfer").

[35] 42 Pa. C.S.A. § 5103(b)(2) requires the *litigant* to promptly file a certified transcript of the final judgment of the federal court along with a certified copy of the pleadings from the federal action in *state* court. See, e.g., Lambert, 765 A.2d at 321 (finding that a transfer to state court was not permitted because the litigant had not filed the proper documents under § 5103(b)); In re Shuman, 277 B.R. 638, 655 n. 9 (Bankr. E.D.Pa.2001) (quoting from 42

For these reasons, I find no error in the bankruptcy court's decision not the transfer the appellants' action to state court.

### III.     CONCLUSION

For the above reasons, I will affirm the bankruptcy court's decision to dismiss the adversary proceeding without transferring it first to another court.

An appropriate Order follows.

---

Pa.C.S.A. § 5103(b) and pointing out that, after a federal court dismisses for lack of subject matter jurisdiction, § 5103(b) leaves it up to a litigant to take the steps necessary to effect a transfer to state court); Segreti v. Borough of Wilkinsburg, 436 Fed.Appx. 114, 117 (3d Cir. 2011)(remanding to district court in order to dismiss the complaint so that the plaintiff could file in state court pursuant to 42 Pa. Cons.Stat. § 5103(b)); McLaughlin v. Arco Polymers, Inc., 721 F.2d 426, 430-31 (3d Cir. 1983)(explaining that the enactment of § 5103(b) allows "litigants who inadvertently file their actions in the wrong court merely by having them, by their own actions, transfer the dismissed matters.").